# IN THE COURT OF APPEALS OF IOWA

———————————

No. 25-1937
Filed April 15, 2026

———————————

**In the Interest of J.J. and J.W., Minor Children,**

**J.N., Mother,**
Appellant.

———————————

Appeal from the Iowa District Court for Polk County,
The Honorable Jordan Brackey, Judge.

———————————

**AFFIRMED**

———————————

Cathleen J. Siebrecht of Siebrecht Law Firm, Pleasant Hill,
attorney for appellant mother.

Brenna Bird, Attorney General, and Tamara Knight, Assistant Attorney
General, attorneys for appellee State.

Nicole Garbis Nolan of Youth Law Center, Des Moines, attorney and
guardian ad litem for minor children.

———————————

Considered without oral argument
by Greer, P.J., and Schumacher and Chicchelly, JJ.
Opinion by Chicchelly, J.

**CHICCHELLY, Judge.**

A mother appeals the termination of her parental rights to two children.[1] She challenges the evidence showing the grounds for termination and the finding that termination is in the children's best interests. She also asks for more time to prove the children can be returned to her custody.

The State has proved the grounds for termination by clear and convincing evidence, and termination is in the children's best interests. Because giving the mother more time would not result in the children's return to her custody, we affirm.

## BACKGROUND FACTS AND PROCEEDINGS

This appeal involves two children: J.J., born in 2022, and J.W., born in 2024.[2] Both children tested positive for drugs at birth: J.J. for marijuana and J.W. for marijuana and cocaine. Because the mother did not cooperate with safety services offered by the Iowa Department of Health and Human Services (HHS), the juvenile court removed the children from the mother's custody and adjudicated them as children in need of assistance (CINA) in October 2024.

In November, the mother completed a substance-use evaluation and was diagnosed with cannabis-use disorder, severe, and alcohol-use disorder, moderate in sustained remission. She began inpatient treatment at House of Mercy in January 2025. Based on the positive reports from House of Mercy, the juvenile court gave the mother six more months to reunify with the children. The mother was successfully discharged from House of Mercy in

---

[1] The termination of the fathers' parental rights is not at issue in this appeal.

[2] In 2020, the juvenile court terminated the mother's parental rights to an older child. A child that the mother gave birth to in January 2025 is not involved in this appeal.

April after obtaining maximum benefits from the program. Extended outpatient treatment was recommended.

In May, the mother was arrested for operating while intoxicated. She tested positive for marijuana that month and for marijuana and cocaine in June. The State petitioned to terminate the mother's parental rights in August. She was incarcerated at the time of the termination hearing. In October, the juvenile court terminated the mother's parental rights under Iowa Code section 232.116(1)(g) and (h) (2025). The mother appeals.

## SCOPE AND STANDARD OF REVIEW

We review termination-of-parental-rights proceedings de novo. *In re W.M.*, 957 N.W.2d 305, 312 (Iowa 2021). While not binding on us, we give weight to the juvenile court's fact findings, "particularly with respect to credibility determinations." *Id.*

## DISCUSSION

### I. Did the State prove the statutory grounds for termination by clear and convincing evidence?

The mother first challenges the grounds for termination. The juvenile court found sufficient evidence for terminating the mother's parental rights on two statutory grounds. We may affirm if the record supports either ground. *See In re A.B.*, 957 N.W.2d 280, 294 (Iowa 2021). We address termination of the mother's parental rights under section 232.116(1)(h).

The court may terminate parental rights under section 232.116(1)(h) if it finds:

(1) The child is three years of age or younger.

(2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.

(3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.

(4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

The mother does not dispute that the State proved the first three elements for termination under section 232.116(1)(h). Instead, she argues that she "anticipated resolving her criminal matters and being released soon" and that "the children could be returned within a reasonable period." But the test is whether the children could be returned to her custody at the time of the termination hearing. *See In re A.S.*, 906 N.W.2d 467, 473 (Iowa 2018) (interpreting the statutory phrase "at the present time" to mean the date of the termination hearing). Because the children could not be returned to the mother's custody at the time of the termination hearing based on her incarceration, we conclude that clear and convincing evidence supports terminating her parental rights under section 232.116(1)(h).[3]

## II.  Does terminating the mother's parental rights serve the children's best interests?

The mother also challenges the finding that terminating her parental rights is in the children's best interests. In deciding best interests, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the

---

[3] Even if the mother was released from jail, the children could not be returned to her custody due to her unresolved substance-use issues.

physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2); *accord In re L.T.*, 924 N.W.2d 521, 529 (Iowa 2019) (stating that "we look to the child's long-range as well as immediate interests, consider what the future holds for the child if returned to the parents, and weigh the child's safety and need for a permanent home" (cleaned up)).

Although the mother's progress led the court to grant her six more months to prove herself, things took a turn when she left House of Mercy while on the verge of reunification. Despite her denials, the record reflects that she did so to be with J.W.'s father while hiding the relationship from HHS and service providers. The mother did not stay sober after her discharge, leading to her arrest for operating while intoxicated in May 2025. When the mother did not appear at a scheduled pretrial hearing and status conference, she was charged with failure to appear, a felony. She was also facing charges related to an incident of shoplifting in August 2025. This conduct is especially concerning because it mirrors the conduct that led the court to terminate the mother's parental rights to another child in 2020, raising concerns that the mother is regressing. The mother's testimony shows a lack of insight about her behavior and how it affects the children. As the juvenile court found,

> [The mother] is further away from reunification than she was when the court granted her six additional months back in March 2025, and it is not solely due to her being in jail and physically unable to take the [children]. Instead, she has exhibited a pattern of unsafe behavior since that hearing, including criminal acts, substance use, and engaging in her relationship with [J.W.'s father]. It concerns this court that [the mother] is aware of her dishonesty, but she displays little insight into how that affects her ability to be successful in this case.

The children were removed from the mother's custody for one year at the time of the termination hearing, and section 232.116(1)(h) only requires

5

removal for six months. As a result, we view these proceedings with a sense of urgency. *See In re C.B.*, 611 N.W.2d 489, 494–95 (Iowa 2000). The mother has had twice the time allowed by statute to remedy the problems that led to the CINA adjudication but is in no better position to regain custody. We will not deny the children permanency based on the hope that the mother may one day be able to meet their needs. *See In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014) ("[W]e cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." (citation omitted)).

The children have been with the same foster family since their removal in August 2024, and they are doing well in that placement. The foster family is willing to adopt them, which would provide permanency. Considering the mother's lack of progress overall, the children's best interests are served by terminating the mother's parental rights.

## III. Should the mother be given more time?

Finally, the mother contends that she should be granted more time to prove the children can be safely returned to her custody. *See* Iowa Code § 232.104(2)(b) (allowing the court to continue a child's placement for up to six months if the need for the child's removal from the home will no longer exist at the end of that period). To delay permanency, the court must "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." *Id.*

The juvenile court granted the mother more time in March 2025 when the mother was on the verge of reunifying with the children. Since then, the

mother left inpatient treatment and relapsed, using alcohol, marijuana, and cocaine. She engaged in criminal activity, and she has been unwilling to be honest with those providing her mental-health and substance-use treatment. The juvenile court found that while the mother has continued participation in treatment, "it has not resulted in the behavioral changes necessary for reunification to occur. Based on the mother's testimony today and her limited insight into how the behaviors have affected her and her case, this court has no confidence that an additional six months would yield better results."

We agree that giving the mother more time will not result in the children being returned to her custody. *See C.B.*, 611 N.W.2d at 495 (considering "the parent's past performance" to show "the quality of the future care that parent is capable of providing" (citation omitted)). Because the mother has not shown that the children can be returned to her custody in six months and that delaying permanency is in the children's best interests, we affirm the termination of her parental rights. *See In re W.T.*, 967 N.W.2d 315, 323 (Iowa 2021) (stating that the court considers whether further delay is in the child's best interests in addition to whether the need for removal will no longer exist at the end of the six-month period).

**AFFIRMED.**